## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**GLENN D. ODOM, II**                                            **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 5:13CV-P8-R**

**LARRY CRANOR** *et al.*                            **DEFENDANTS**

### <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on two pending motions filed by Plaintiff Glenn D. Odom, II. For the reasons that follow, the motions will be denied.

**A.**      **Motion to serve complaint**

Plaintiff filed a motion to serve the complaint and summonses on Defendants (DN 9). Plaintiff is a prisoner at the Kentucky State Penitentiary (KSP). When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint in accordance with 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). The Court will direct service of the complaint and summonses only if the complaint, or a portion of it, survives the initial review.

Because the Court has not yet conducted the initial review, **IT IS ORDERED** that the motion to serve the complaint (DN 9) is **DENIED**.

**B.**      **Motion for temporary restraining order**

Plaintiff also filed a motion for a temporary restraining order and preliminary injunction (DN 10). He seeks an order "to ensure that restraint policies are followed." He states that he was "placed in a restraint chair (for slicing his wrist with razor) with extra wrists restraints that were applied extremely too tight solely to cause agony and excruciating pain." He states that he

and numerous other inmates[1] "are being placed in the restraint chair with extra wrist

restraints as punishment for attempting suicide . . . . The defendants are using the extra wrists

restraints and are laughing when such inmates express excruciating pain . . . . The restraint chair

is for mentally ill inmates/reasons only."  Plaintiff further states that he "is suicide prone (as with

other mentally ill inmates) and once (not if) placed in the restraint chair again for attempting

suicide he will suffer same damages."

"A preliminary injunction is an extraordinary remedy which should be granted only if the

movant carries his or her burden of proving that the circumstances clearly demand it."

*Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  "'In

determining whether to issue a preliminary injunction, the district court is required to consider

four factors:  (1) whether the movant is likely to prevail on the merits; (2) whether the movant

would suffer an irreparable injury if the court does not grant a preliminary injunction; (3)

whether a preliminary injunction would cause substantial harm to others; and (4) whether a

preliminary injunction would be in the public interest.'"  *Abney v. Amgen, Inc.*, 443 F.3d 540,

547 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson

Cnty.*, 274 F.3d 377, 400 (6th Cir. 2001)).

These factors are not "rigid and unbending requirements," as there is no "fixed legal

standard" in determining whether to issue an injunction.  *In re: Eagle-Picher Indus., Inc.*, 963

F.2d 855, 859 (6th Cir. 1992).  As to the irreparable-harm determination, there must be an actual,

---

[1]To the extent Plaintiff is attempting to bring a claim on behalf of any other inmate, he does not have standing to bring a claim on another's behalf.  *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause).  Therefore, Plaintiff may only assert claims on his own behalf.

viable, presently existing threat of serious harm.  *Mass. Coal. of Citizens with Disabilities v. Civil Def. Agency and Office of Emergency Preparednesss of Mass.*, 649 F.2d 71, 74 (1st Cir. 1981).  "Despite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required such irreparable harm before an interlocutory injunction may be issued."  *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982).  The plaintiff must show harm that is not remote or speculative, but is actual and imminent.  *Abney v. Amgen, Inc.*, 443 F.3d at 552.  The injury must be of such imminence that there is a clear and immediate need for relief in order to prevent harm.  *Wis. Gas Co. v. Fed. Energy Regulatory Comm'n*, 758 F.2d 669, 674 (D.C. Cir. 1985).  Moreover, "the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."  *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).

First, Plaintiff has not shown that he is likely to prevail on the merits.  Plaintiff's allegations primarily concern past conduct by Defendants.  Past exposure to illegal conduct "does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects."  *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *accord Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury") (emphasis in original).  Plaintiff does not allege continuing, present effects of Defendants' alleged past use of wrist restraints.  He therefore fails to establish substantial likelihood of success on the merits.

Secondly, Plaintiff has also failed to show irreparable injury of a nature that is "'actual and imminent' harm rather than harm that is speculative or unsubstantiated." *Abney v. Amgen, Inc.*, 443 F.3d at 552.  Plaintiff requests the Court to "ensure" that KSP's "restraint policies are followed."  He therefore thinks that KSP's policies concerning restraints are adequate.  He essentially argues that should he attempt to commit suicide in the future, Defendants will again apply wrist restraints too tightly in violation of the restraint policies.  This is simply too speculative to warrant the extraordinary remedy of injunctive relief.  "The speculative nature of [Plaintiff's] claim of future injury requires a finding that this prerequisite of equitable relief has not been fulfilled."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

The third and fourth elements also weigh against granting preliminary injunctive relief.  Taking decisions out of the hands of prison officials and medical staff under these circumstances could cause substantial harm in disrupting the administration of prison security.  Moreover, the Court's intervention in internal prison operations without an urgently compelling and extraordinary reason is viewed as against the public interest.  *Lang v. Thompson*, No. 5:10-CV-379, 2010 U.S. Dist. LEXIS 126890, at *19 (E.D. Ky. Nov. 30, 2010) ("[J]udicial interference is necessarily disruptive, and absent a sufficient showing of a violation of constitutional rights, the public welfare suffers if such extraordinary relief is granted in the prison context.").

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's motion for a temporary restraining order and preliminary injunction (DN 10) is **DENIED**.

Date:

cc:      Plaintiff, *pro se*
4413.010

4